Ishmael **WILLIAMS,** Plaintiff–Appellant,

v.

**PARKELL PRODUCTS, INC.,** Defendant–Appellee.

No. 03–7164.

United States Court of Appeals, Second Circuit.

Dec. 24, 2003.

708

Ishmael Williams, Central Islip, NY, for Plaintiff–Appellant.

Jeffrey M. Schlossberg, Ruskin Moscou Faltischek, P.C., Uniondale, NY, for Defendant–Appellee.

PRESENT: FEINBERG, CALABRESI, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Pro se plaintiff-appellant Ishmael Williams ("Williams"), an African–American man, brought suit in federal district court against his former employer, Parkell Products, Inc. ("Parkell"), alleging that the defendant denied him equal pay and promotions on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq* ("Title VII"), and that the defendant terminated his employment in retaliation for complaining about discriminatory harassment by his supervisor and manager, also in contravention of Title VII. Parkell filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), or, in the alternative, for a stay of the action pending arbitration, pursuant to 9 U.S.C. § 3. The district court granted defendant's motion to dismiss, finding that an arbitration agreement signed by Williams in 1997 required arbitration, rather than litigation, of his Title VII claims against Parkell.[1]

Williams argues that Parkell's threat to terminate his employment if he did not sign the arbitration agreement constituted duress sufficient to defeat defendant's motion to dismiss his complaint. In order to establish duress, the plaintiff must demonstrate (1) that a threat was unlawfully made; (2) that the threat caused plaintiff involuntarily to accept the contract terms; and (3) that the circumstances left him with no other alternatives. *See Kamerman v. Steinberg*, 891 F.2d 424, 431 (2d Cir.1989). It is well-settled, however, that conditioning employment on the acceptance of an agreement to arbitrate disputes, including those arising under civil rights laws, is not itself unlawfully coercive. *See Circuit City Stores, Inc. v.*

1.  The arbitration agreement provided, in relevant part: "Any and all disputes, controversies or claims arising or existing among or between Parkell and Employee concerning any matter whatsoever shall be arbitrated before the American Arbitration Association ("AAA") in accordance with the then prevailing Rules of Arbitration of the AAA, including but not limited to any and all claims or controversies arising under or concerning ... Title VII of the Civil Rights Act of 1964...."

*Adams,* 532 U.S. 105, 123–24, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 204–05 (2d Cir.1999). Because the plaintiff has not adduced any evidence of duress apart from a threat of termination if he did not sign the arbitration agreement,[2] we must affirm the district court's dismissal of his complaint.[3]

We have considered all of the appellant's arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

**2.** The plaintiff suggests on appeal that his signature on the arbitration agreement was forged. But we cannot consider this contention because Williams did not raise it before the district court. *See Mattel, Inc. v. Barbie–Club.com,* 310 F.3d 293, 306 (2d Cir.2002).

**3.** As the district court correctly noted, the plaintiff is, of course, free to pursue, through arbitration, Title VII claims he believes to be valid.